Mr. Smith, you may begin when you're ready. Thank you, Your Honors. May it please the Court. The Court below affirmed the determination that Mr. Bousquet, a veteran who had served his country honorably, acted in bad faith. This determination not only precluded any consideration of waiver of his loan guarantee indebtedness, but it also impugned his personal character. The allocation of the burden of proof is one of the initial and fundamental questions in any litigation. As the Court of Veterans Claims set forth in Reyes v. Nicholson, in cases of bad faith, the Secretary carries this burden of proof. Whether a party is able to carry that burden or whether the sufficiency of evidence is sufficient to meet that burden is a secondary and distinct legal question. This appeal focuses on the initial allocation of the burden of proof and whether the Board of Veterans Affairs committed legal error when it impermissibly allocated the burden of proof onto Mr. Bousquet and impermissibly shifting it from the Secretary. The Court of Federal Claims tells us, I mean, they considered the argument, which I think is quite similar to the one you're making, correct me if I'm wrong, that it wasn't, they understood the board not to be shifting the burdens, but just to be weighing the evidence. You're asking us to disagree with that conclusion? You're, I believe, you're, if you're referring to the justice's references to the Jefferson and Reyes, and in light of the facts of this case, there is a clear, two clear distinguishing factors between some of the cases that the Court has analyzed before and the cases that are before the Court now. And the two distinctions are one, Reyes, which was determined in 2007, is post-dates the Coconates v. Nicholson case and the Jefferson v. Principi case, which is the primary case that we referenced, that if I understand it, you are referring to. Actually, and I didn't make myself clear, I apologize, but my real question is to whether or not why we have jurisdiction in this case. How are we, you would need us to conclude that this was clearly a legal issue of not assigning the appropriate burden to the appropriate party. And it's kind of hard, at least for me, to see that. And as the Court of Claims observed, it just seemed to them that the board was weighing the evidence as it's necessarily going to have to do in any such case where they have different pieces of testimony. So I guess I'm looking for you to persuade me why this is really a legal issue. Yeah, well, if I may, Your Honor, the legal standard of the allocation of the burden of proof and the evidentiary responsibilities that accompany that is a legal question that predates any analysis of the facts, that predates the sufficiency of the case, that this is- But you don't have anything to point to, do you, where the board said, you have the burden to prove that, and that was absolutely, positively wrong. The board got it wrong, assigned the wrong burdens. I mean, that's not what went down here, right? No, I don't believe the board or the court was as explicit to say that we've impermissibly shifted the burden of proof. I think when you read the case, and when you look at the decision, there's no, and then looking at some of the facts that we just discussed in the brief I'll touch on in a moment. But the argument that this is just a application of a lot of facts and that the court doesn't have a jurisdiction is an attempt to insulate the lower court's decision from appellate review. That basically, we're saying we can shift the burden of proof. We can ask the acclaimant to disprove these allegations and to disprove these assumptions by putting these words at the end by saying this is just a weighing of evidence. I think- You're saying, Mr. Smith, that the board effectively shifted the burden of proof, although it wasn't expressly doing it. Is that your argument? Yes, yes, Your Honor, that is. Let me ask you, it seems to me, and correct me if you have a different view of the matter. It seems to me that burden of proof allocation, assuming you're dealing with just a preponderance test and you're not dealing with some special burden of proof, this is a different kettle of fish. But it really has effect in a litigation only in two respects. One is in deciding whether a particular case can be disposed of summarily, such as in summary judgment. The burden of proof is very important because the party with the burden of proof has more of an obligation to come forward with enough to make a prima facie case, etc., etc. And the same thing may be true, in effect, by the replication of that summary adjudication process at the point at which the case is subject to a motion to dismiss during the trial. But setting that aside, if you've got a proceeding like this, which is not summary and which is based on a full evidentiary record, it seems to me that in that setting, the burden of proof has pertinence only in telling you who wins if the evidence is in equal points or in the veteran's situation. You know, we know that the veteran wins in that situation, but typically the burden of proof is, as it's sometimes described, just as being the risk of non-persuasion. That's all it does. Other than that, the adjudicative body simply looks at all the evidence and decides we're persuaded that this one wins or we're persuaded that that one wins, and the burden of proof has no other role to play. Isn't that right? It's a long question, but I think you can follow me. I'll try to address that. To your first point, I believe, and this is the language, I believe, is maybe unfortunately a bit imprecise, that when we're discussing the burden of proof, in the first instance, the burden of production, which gets you past summary judgment or an initial determination, I don't believe what we're addressing here. I believe this is the burden of persuasion. Yeah, or the risk of non-persuasion. Right, yes. And, again, to carry this burden, I believe you look at the affirmative facts that a party brings to the court, the affirmative evidence that it is asked to bring before the court or before the decision-making tribunal. And we're looking at this decision, and where I believe the Bousquet case is and why these facts are different, the court looks at the facts, not at what the secretaries represented, but what Mr. Bousquet was unable to rebut. Looking at, in one instance, his failure to be able to, sorry, his failure to make rental payments. Focusing on, you have to prove to us a change in circumstances. Essentially presuming that, since he'd made rental payments in the past, that he can obviously continue to make rental payments. But isn't that really a sufficiency of the evidence type argument? In other words, you're saying, well, there's no logical reason for them to have drawn the inferences they did from the evidence that was before them. Because they were imposing, in effect, too much of a burden on him. I.e., they were drawing inferences from his failure to make a more convincing account of the evidence in the case. That seems like sufficiency to me. Your Honor, there is a very fine and distinct line between a sufficiency of the evidence standard and the initial allocation. Maybe looking at it in a different view, what if this court says explicitly the allocation of burden of proof is on the Secretary? And a tribunal, lawyer, any decision-making body says, well, we won't explicitly say we're doing this, but we're going to allocate it to the other party. By stating that this is an application of a lot of facts, they could effectively ignore or shift the burden of proof. And that by saying it's just an application of a lot of facts, or that there's no legal basis, it effectively insulates entirely the decision from any review at this level. I believe that that goes too far. I believe that looking at the initial allocation of the burden of proof and looking at whether a court applied that properly is separate and distinct. And where the line is drawn, I agree it is a difficult line to draw. But again, looking at the decision, looking at not just one or two, the case as a whole I think is very clear that it focuses on what this veteran is able to or unable to prove. And I believe that is the distinction that we would argue separates this case from just a traditional whether the burden of proof was met, whether the case was carried. A second point, which again separates this case from various of the precedents that the Federalist Organ has denied or found it has not had jurisdiction in the past, is that this is a case of bad faith. I think Reyes specifically addressed this in 2007, but the court in its prior cases, like Copenhagen and Jefferson, were dealing with a claim for disability, which in that case there is a much less adversarial relationship. My understanding is that the government and the veteran worked not against each other, but to come up to the proper conclusion. That's the theory. The theory, correct. I think the theory is much different and the interests are much different in the case of bad faith. As I mentioned earlier, this is not just a purely financial matter. This is not whether or not Mr. Bousquet gets X number of dollars in his disability or is able to have his indebtedness waived. The finding of bad faith is a personal affront to somebody. And for a veteran, for somebody who tried as hard as they could to keep this house out of foreclosure, to not only say we're not going to waive this indebtedness, but we're also going to label you as having acted in bad faith, I think is a much different consideration. And this is what the court of Veterans' Claims in Reyes got to when the Congress amended 38 U.S.C. 5302, that they would change the standard from rather than unable to, change the standard to an affirmative showing of bad faith, which is consistent with this. This is a, not only the facts of this case are separate and distinct, but the considerations that accompany a determination of bad faith, I believe, also distinguish this case. And I'll reserve the remainder of my time. Very good. Mr. Bennett. May it please the Court, this Court does not possess jurisdiction to entertain this appeal. Although Petitioner purports to challenge alleged burden shifting on the part of the Board of Veterans' Appeals, in reality what he's asking this Court to do is to second-guess the factual determinations made by the Board, as well as the Board's applications of law to fact. And this Court just doesn't possess jurisdiction to do so. Now, Mr. Bousquet cites three examples of alleged burden shifting on the part of the Board. The first of those relates to the Board's finding that he continued to collect and retain rent while the property was in foreclosure. And Mr. Bousquet alleges that the Board shifted the burden of proof with respect to this issue by summarily dismissing his own sworn testimony and instead crediting the statement of a tenant who said that she continued to pay rent to Mr. Bousquet in April of 1994 when the property was in foreclosure. So, in other words, what he objects to is the Board's finding that his own testimony was incredible and the statement of his tenant was credible. And as we point out in our brief, this Court doesn't possess jurisdiction to reconsider credibility determinations that were made by the Board. Furthermore, in assailing the Board's credibility determination, Mr. Bousquet also challenges the Board's weighing of the evidence. And what he says is that here the evidence was in equipoise and therefore the Court should have given the benefit of the doubt to his own evidence. But again, this Court, as we pointed out in our brief, does not possess jurisdiction to consider claims based upon the Board misweighing the evidence. Now, tellingly, Mr. Bousquet didn't address either of these arguments in his reply. And that's because he has no good response to them. His second example of alleged burden shifting relates to the Board's finding that he had the apparent ability to make his mortgage payments, yet elected not to do so. And what Mr. Bousquet claims is that the Board simply assumed that he could make those payments and required him to show a change in circumstances. Again, when you take a look at this claim, it's clear that he's not raising a claim of legal error. He doesn't cite any incriminating statement made by the Board indicating that it was putting the burden of proof on him with respect to this issue. In fact, he conveniently omits the affirmative evidence in this regard that was presented by the Secretary, namely that for the five years leading up to June of 1993, Mr. Bousquet was actually able to make his monthly mortgage payment. Instead, Mr. Bousquet challenges this by citing his taxable income from 1993 and 1994 and saying that these facts established that he was unable to make his monthly mortgage payment. But again, the Board has already considered the competing evidence that was presented on this issue. It weighed that evidence and determined that the affirmative evidence outweighed the evidence presented by Mr. Bousquet. This wasn't a shifting of a burden of proof, and merely by presenting facts now that he says should have resulted in the Board concluding otherwise, well, again, this Court doesn't possess jurisdiction to second-guess that factual determination or re-weigh the factual evidence at this point. Similarly, with respect to Mr. Bousquet's third allegation of alleged burden shifting, this relates to the Board's finding that he made only nominal efforts to sell his house to keep the property out of foreclosure. What Mr. Bousquet says is that the Board simply assumed that he had the financial ability to sell his house and required him to disprove that conclusion. Well, again, he doesn't cite any incriminating statement that was made by the Board indicating that it was placing the burden of proof with respect to this issue on him. And, again, what he does is he cites a bunch of highly fact-specific evidence and says that based upon this, it's clear that he couldn't afford to sell his house. Well, again, the Board has already weighed the competing evidence on this issue, and this Court can't re-weigh that evidence or second-guess the Board's conclusion. So, therefore, this Court does not possess jurisdiction to entertain Mr. Bousquet's appeal and should dismiss it. However... Suppose that the Board at the outset of its opinion had written exactly the same opinion, but at the outset of the opinion it said the burden on the issue of bad faith falls on Mr. Bousquet. How would this case come out differently? I think then Mr. Bousquet would have a meritorious claim that the Board improperly shifted the burden of proof. But, again, there's no statement like that in this opinion, Your Honor. Why, under the circumstances of this case, why would it make a difference if the Board, having said the burden of proof is on Mr. Bousquet, then went through the analysis and came to the conclusion that, by preponderance of the evidence, we find that Mr. Bousquet was acting in bad faith? Well, I may have answered too hastily, Your Honor. In this case, when you look at what the Board did, it's clear that the Board, in each instance, with respect to each of Mr. Bousquet's claims, weighed the competing evidence, both the affirmative evidence that was presented by the Secretary and the evidence presented by Mr. Bousquet, and found that the affirmative evidence carried the day. Now, had they made the statement that they were placing the burden on Mr. Bousquet up front and still written the exact same opinion, then I think in that case it would be harmless error. How come we're supposed to review questions, exclusively questions of law, not questions of fact? So are you suggesting that under that circumstance we would go back to the findings of the Board and assess how they weighed them? It seems to me you can't have it both ways. If the question of law was what is the burden that was applied, and it was clear that they applied the wrong burden, why wouldn't that in and of itself be sufficient for us to vacate? Well, I think that this Court could take a look at the manner in which it actually applied that burden, and if it said up front that the burden was on Mr. Bousquet, but it became apparent from the way the rest of the opinion was written that actually the burden was placed on the Secretary properly, then— I mean, isn't that beyond the scope of what we're supposed to do up here with regard to Board opinions? It is, Your Honor, but I think that, again, this Court could take enough of a look to make sure that actually the right burden was applied as a purely legal matter without even taking a look at the application of law to fact. My question is probably unfair to you because I was sort of assuming away for the moment the jurisdictional issue and asking you to comment on the merits, but I do think Judge Prost's point is well taken. It's probably enough to make my hypothetical entirely hypothetical. That could be. Again, however, even if this Court were to find that it does possess jurisdiction to entertain this appeal, again, Mr. Bousquet would still not be entitled to relief. And, again, when you take a look at each of these claims, with respect to each of these issues, it's clear that the Board actually weighed the evidence properly, required the Secretary to provide affirmative evidence that Mr. Bousquet, first of all, collected and retained rent. Secondly, that Mr. Bousquet had the apparent ability to make his monthly mortgage payment, yet did not do so. And with respect to the third issue, that isn't even one of the three bases that the Board cited for its conclusion that Mr. Bousquet acted in bad faith. The third issue, of course, is that Mr. Bousquet only made nominal efforts to sell his house. Well, again, that's not one of the three bases for the Board's finding that he acted in bad faith. Those three bases were that Mr. Bousquet failed to take advantage of opportunities provided by the note holder and the VA to avoid foreclosure. The second basis was that Mr. Bousquet continued to collect and retain rent while the property was in foreclosure. And the third basis was Mr. Bousquet's apparent ability to make his monthly mortgage payments, yet not making them. So even if this Court did shift the burden of proof with respect to the issue of whether Mr. Bousquet only made nominal efforts to sell his house, that would be at worst harmless error because it didn't factor into the Board's finding of bad faith. Mr. Bousquet also has a waiver problem with respect to the issue of whether he had the apparent ability to make his monthly mortgage payment and whether his efforts to sell the house were only nominal because, as we pointed out again in our briefs, he did not raise this burden-shifting issue in front of the Court of Appeals for Veterans Claims. And although Mr. Bousquet actually concedes that he did not explicitly make it, but he says that he did mention that he made arguments with respect to having to prove certain things and disprove others. But again, you need to do more than simply say the words prove and disprove in order to raise a burden-shifting claim. So for the foregoing reasons, we respectfully request that this Court dismiss this appeal for lack of jurisdiction or in the alternative affirm the decision of the Court of Appeals for Veterans Claims. Okay. Thank you. Thank you, Mr. Bennett. Mr. Smith, rebuttal. Thank you, Your Honor. To follow up on some of the discussion you just had, Judge Bryson proposed your hypotheticals essentially got at is whether a court can insulate itself by putting magic words in the opinion or whether it can bring itself into this jurisdiction by eliminating magic words from its opinion. The fact is justice is not about having words saying that what you did or did not do in an opinion below. It is about looking at the case that was before the court and looking at how the court allocated the burden of proof. And in this case, you need to look at the facts to see where the proof was to see how the burden was allocated improperly. And again, the three facts that we look at, the statements of the tenant, the financial inability to pay rent, and the nominal efforts to sell are not just factual determinations, but they are clear indications of the court looking at this case through the lens of what can Mr. Bousquet show us, not what does the Secretary show. And in regards to the waiver issue, the allocation of the burden of proof is specifically addressed in regards to the statement of the tenant. But the allocation of burden of proof pervades the entire case, which is why this is a legal issue. The allocation of burden of proof is an initial fundamental determination that the court makes and applies and shades the entirety of the litigation and will eventually shade its decision. But to say that what these three instances of the shifting show are that this initial allocation was allocated improperly. And to look at certain facts in a vacuum and say that it applies to this or doesn't apply to this, looking at the opinion, we believe it is very clear that the court looked at what Mr. Bousquet was unable to show. And, Your Honor, for the reasons we have discussed, we believe that the fairness and law require that the Secretary, in fact, and not just through language and in a decision, carry the burden of proof. And I apologize, that it is allocated, the burden of proof, and the court has applied it properly. And for these reasons, we ask that you vacate and remand the decision below. Thank you, Mr. Smith. The case is submitted.